[No. 3,236.]

## PATRICK PATTEN v. N. B. HICKS, A. S. HICKS, AND R. HICKS.

CONTRACT WITHIN THE STATUTE OF FRAUDS.—A verbal contract, by which the plaintiff agrees to cut and deliver to the defendant, at the defendant's mill, saw-logs sufficient to keep the defendant's mill running to its full capacity for two years from its date, is not to be performed within one year, and is therefore void under the Statute of Frauds.

RECOVERY ON VOID CONTRACT.—For labor and services performed under a contract, which is void under the Statute of Frauds, a recovery may be had by declaring a *quantum meruit*, but not by declaring on the contract itself.

APPEAL from the District Court of the Third Judicial District, Santa Cruz County.

The complaint averred, that on the 10th day of May, 1869, the plaintiff and defendants made an agreement, by which the plaintiff was to cut saw-logs on the defendants' land and deliver at the defendants' sawmill sufficient to keep the defendants' mill running to its full capacity for the period of two years from the date of the contract, and that the defendants were to pay the plaintiff five dollars and fifty cents per thousand feet for all lumber timber so cut and delivered, to be ascertained and measured at the tail of defendants' mill, and to be so paid to plaintiff as fast as so ascertained for said two years; that under said contract the plaintiff had cut and delivered saw-logs and lumber timber to the amount of seven hundred and ninety thousand five hundred and twenty-three feet, which, at five dollars and fifty cents per thousand, amounted to four thousand three

hundred and forty-seven dollars and eighty-seven cents. The answer denied the contract as alleged, and set up that it was only a contract for the milling season, from April forward seven or nine months, at five dollars per thousand feet, and set up a counterclaim.

It appeared by the testimony that the contract was a verbal one, and no note or memorandum of it was made in writing.

The plaintiff recovered judgment in the Court below and the defendant appealed.

*Moore, Laine & Leib*, for Appellants.

The contract was void under the twelfth section of the Act concerning fraudulent conveyances and contracts.

The contract was denied, and the statute was, therefore, well pleaded. (Brown on Frauds, Sec. 511; *Fuller* v. *Reed*, 38 Cal. 99.) Moreover, it was alleged in the answer that the only agreement ever made between the parties was verbal. And, although the question cannot arise in this case, yet we cannot refrain from adding that the rule under the common law, that the statute must be pleaded in order to be taken advantage of, cannot apply under our statute, for by our statute the contract is void, and a void contract cannot be made good by any waiver in pleading or otherwise; nor can it be even made good by an express ratification. By the common law the contract was not void, but it was insufficient to sustain an action—a difference recognized by many able opinions. (See *Seale* v. *Emerson*, 25 Cal. 294, and *Fuller* v. *Reed*, 38 Cal. 111.)

*Albert Hagan* and *W. M. De Witt*, for Respondent.

The defense of the Statute of Frauds must be pleaded or it will not avail. (*Smith* v. *Owen*, 21 Cal. 11; *McComb* v. *Reed*, 28 Cal. 289; *Tynan* v. *Walker*, 35 Cal. 634; Chitty on Pleading, Vol. 1, p. 559; 4 Bing. 470; *Osborne* v. *Endicott*, 6 Cal. 149; *Maynard* v. *Johnson*, 2 Nev. 16.)

The contract is not within the Statute of Frauds. The plaintiff could, under the contract, perform his part of it in one month. (2 Kent, 713; *Tolley* v. *Green*, 2 Sand. C. 91; *Moore* v. *Fox*, 10 Johns. 244; *McLees* v. *Hale*, 10 Wend. 426; *Fenton* v. *Emblers*, 3 Burr, 1278; *Russell* v. *Slade*, 12 Conn. 455.)

By the Court, BELCHER, J.:

The contract declared on was not to be performed within one year from the making thereof, and the parties having failed to reduce it to writing, or to make any note or memorandum thereof, it is within the Statute of Frauds and void.

For the labor and services performed under this void contract the plaintiff can only recover on a *quantum meruit.* No such count being found in the complaint, the judgment must be reversed.

When the case is again in the Court below the plaintiff may amend his complaint if he is so advised.

Judgment reversed and cause remanded.

Mr. Justice CROCKETT did not express an opinion.