[No. 3,762.]

## JULES MAYER *v.* EDWIN F. CHILD AND EDNEY S. TIBBEY.

CONTRACT VOID UNDER STATUTE OF FRAUDS.—A contract to sell and deliver at a future day 100 shares of mining stock, for the sum of $1,350, is void, under the Statute of Frauds, if no part of the stock is delivered, and no portion of the purchase money is paid, and no note or memorandum of the sale or transaction is made or signed by the parties.

ASSIGNMENT OF VOID CONTRACT.—The assignment of a contract void under the Statute of Frauds, does not constitute a good consideration for a promise to pay.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

May 28th, 1872, the plaintiff, through his broker, S. Lacour, made a verbal contract with Klopenstine, by which Klopenstine was to sell him 100 shares of Pioche mining stock for $1,350. Afterwards Lacour assigned this verbal contract to the defendants by the following instrument:

" I hereby assign and sell to Child & Tibbey, the 100 shares Pioche stock sold by J. Klopenstine to me, May 28th, 1872, and due July 27th, 1872, for the sum of thirteen hundred and fifty dollars ($1,350), they to give me fifteen hundred dollars July 27th, 1872."

In consideration of the above assignment, the defendants executed to Lacour the following agreement:

" We, the undersigned, Child & Tibbey, agree to pay to L. Lacour fifteen hundred dollars on the twenty-seventh day of July next, 1872, in consideration of his assignment of this date of 100 shares of Pioche, sold by J. Klopenstine to said L. Lacour, on the twenty-eighth day of May, 1872, and to be delivered on the twenty-seventh of July, for the sum of thirteen hundred and fifty dollars. We agree, furthermore, that in case of the delivery of the stock by said J. Klopenstine, on or before said date, or a settlement by Klopenstine at the rate of $40 per share, or more, to account five hundred dollars more to L. Lacour—altogether two thousand dollars—the five hundred dollars subject to the said eventualities, and the fifteen hundred dollars to be counted to L. Lacour, whatever happens.

(Signed.)                    CHILD & TIBBEY.
July 11, 1872."

Lacour assigned said agreement to the plaintiff, for whom he had acted in the transaction, by the following endorsement thereon:

"I hereby assign the above to J. Mayer, or order, the purchase of Klopenstine having been made for him."
(Signed.)                    " L. LACOUR."
" July 12th, 1872."

Mayer brought this action to recover the $1,350. Klopenstine did not deliver the stock to Lacour, nor did Lacour deliver it to defendants. Defendants recovered judgment in the Court below, and the plaintiff appealed. The other facts are stated in the opinion.

*Morgan & Heydenfeldt*, for Appellant.

There was a sufficient consideration to support the agreement upon which this action is based. It was a doubtful right. There was a legal possibility that the contract

assigned to them could be enforced and prove a benefit. (*Sherman* v. *Barnard*, 19 Barb. 302.)

*Parker* & *Roche*, for Respondents, also relied upon *Sherman* v. *Barnard, supra.*

By the COURT:

The contract between Lacour and Klopenstine was for the purchase of 100 shares of mining stock for the sum of $1,350. No part of the stock was delivered, nor was any portion of the purchase money paid, nor was any note or memorandum of the sale or transaction made or signed by any person. Under our statute of frauds the contract was void, and its assignment to the defendants furnished no consideration for the promise declared on. (*Sherman* v. *Barnard*, 19 Barb. 291.)

Judgment affirmed.