52  561
93  496

[No. 5159.]

## EUGENE McCARTHY *v*. ANDREW J. POPE.

STATUTE OF FRAUDS.—Where plaintiff made a parol contract for the purchase of land, and subsequently by parol agreed with defendant to permit him to become the purchaser in his stead, and in pursuance of this agreement and by direction of plaintiff the land was conveyed to defendant: *held*, that in an action to recover the value of the assignment, the defendant could not rely upon the Statute of Frauds.

IDEM.—Although the statute requires a contract for the sale of land to be in writing, yet, if in pursuance of a parol contract the land is conveyed, there is nothing immoral about the transaction.

CONSIDERATION.—The assignment of a right is a valuable consideration to support a promise to pay its reasonable value, where the assignee obtains the benefit of such right.

IDEM.—The assignment of the contract, and substitution of defendant instead of plaintiff, and the procurement of a conveyance to defendant, is the consideration of the above contract.

CONTRACT.—Had the owner refused to convey to defendants, a conveyance could not have been enforced, and the contract would be inoperative. But the contract having been executed, the Statute of Frauds cuts no figure between plaintiff and defendant.

ASSUMPSIT—will lie in the above case.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Plaintiff appeals.

The complaint in substance alleges that one Richardson, being the owner of certain parcels of land in San Francisco, bargained with the plaintiff for the same, whereby he (Richardson) agreed

to sell and plaintiff agreed to buy, for the sum of two hundred thousand dollars.

That afterward, at the special instance and request of defendant, plaintiff sold and assigned to defendant his (the plaintiff's) contract with Richardson, and right to purchase of said Richardson, in the place and stead of plaintiff, the lands at the price aforesaid, and the said Richardson, under and by virtue of the said assignment, made, executed, and delivered to defendant his deed of the said land at the price of two hundred thousand dollars. Assumpsit for one hundred thousand dollars.

The answer was a general denial. The plaintiff was nonsuited on the opening statement; which, as far as applicable, is as follows:

Plaintiff having ascertained that Richardson was the owner of the property and willing to sell it cheaply, went to Richardson's agent, (who held a power of attorney) and endeavored to purchase it from him. After large preparations, plaintiff concluded to purchase and the agent agreed to sell to plaintiff, for two hundred thousand dollars, the same being assented to by the principal. Plaintiff, becoming short of money, found difficulty in securing funds to pay for the land, and negotiated with defendant, Pope, who was anxious to purchase the same land. Plaintiff told Pope that he would forego the advantage he expected to derive from the purchase, and would sell to him (Pope) his bargain at a small figure. Pope said he would take it at the price named. Plaintiff then took Pope to the agent and introduced him as the person to whom he had turned over the contract for the purchase, and requested him to turn the deed over to Mr. Pope. The agent, subsequently, made a deed to Pope, in pursuance of his engagement to that effect with McCarthy, the plaintiff.

Plaintiff stated that at the time of the purchase by Pope the property was worth three hundred thousand dollars.

It was admitted by plaintiff that there was no memorandum in writing, either between McCarthy and Richardson, (the agent) or McCarthy and the defendant, such as would have satisfied the Statute of Frauds.

The Court below decided the case on the authority of *Myers* v. *Childs,* 47 Cal. 142.

*Pringle & Hayne*, for Appellant, cited *Foulke* v. *S. D. & G. S. P. R. R. Co.* as construing *Pixley* v. *W. P. R. R. Co.* 33 Cal. 198, to the effect that where the statute declares that a writing is necessary to bind a corporation, it only applies to *executory* contracts. (To the same effect *Patten* v. *Hicks*, 43 Cal. 509; *Emery* v. *Smith*, 46 N. H. 155; *Jones* v. *Hay*, 52 Barb. 507.)

II. *The defendant received value from the plaintiff.*

The Court below held, as before stated, that because the plaintiff's right to purchase was not in writing it was void; that being void there was nothing for the plaintiff to assign to defendant; and that therefore there was no consideration for any promise, express or implied, from defendant to plaintiff, and the Court did so upon the authority of *Mayer* v. *Child*, 47 Cal. 142. We do not question the correctness of that decision. But it is totally inapplicable to the case at bar. In *Mayer* v. *Child*, the contract assigned was wholly executory, and it never was executed. The contract assigned to Child was a parol one for the purchase of one hundred shares of Pioche mining stock. But this contract *was never performed.* The person who owned the stock refused to part with it in pursuance of his parol contract. Therefore, the person to whom the parol contract was assigned *never got any benefit from it.* Now, in the case at bar, the person who owned the property *performed* his parol agreement. The person to whom it was assigned *got all the benefit* from it he ever hoped for. Richardson conveyed the property to the defendant "*in pursuance of his engagement to that effect with plaintiff.*" In other words Richardson's contract was *executed.* His contract was to convey to plaintiff or his assigns. He conveyed to plaintiff's assignee. His contract was executed, and that is the difference between *Mayer* v. *Child*, and the case at bar. In the former, the contract assigned *was never* executed; in the latter the contract *was* executed.

The moment Richardson *executed* his contract the objection that it was not in writing was obviated. This is an elementary principle. It is fully illustrated by the authorities. (*Remington* v. *Palmer*, 62 N. Y. 33; *Kratz* v. *Stock*, 42 Mo. 354; *Seaman* v. *Price*, 10 Moore, 37; *Trask* v. *Vinson*, 20 Pick. 109.)

That a contract within the Statute of Frauds is valid if performed. (*Pico* v. *Cuyas*, 47 Cal. 179; *Adams* v. *Hormers*, 62 Barb. 334, and various other cases.)

III. The contract of Richardson was to convey his property to McCarthy or his assigns. That contract was executed by the conveyance to McCarthy's assignee. Being performed, the performance, under the above rule, related back and made it valid from the beginning, and when Mr. Pope got it he got value from McCarthy which he should be made to pay for.

IV. McCarthy, at the special instance and request of Pope, gave up to him a bargain of great value, with the understanding that compensation was to be made. The bargain was filled, and Pope derived great profit and advantage from it. Can he be permitted to retain that advantage and pay McCarthy nothing?

*Jarboe & Harrison*, for Respondent.

I. Any agreement for the sale of real property or of an interest therein is invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party charged. (Code of Civil Procedure, secs. 1971, 1973.)

And evidence of any agreement therefor " *cannot be received*," without the writing. (Ibid.)

II. The agreement, being invalid, furnishes no consideration to support a promise by the defendant founded thereon. (*Mayer* v. *Child*, 47 Cal. 142; *Ehle* v. *Judson*, 24 Wend. 97; *Horsey* v. *Graham*, Law R. 5 Com. P. 9; *Buttemere* v. *Hayes*, 5 Mees. & W. 456; *Cocking* v. *Ward*, 1 M. G. & S. 858; *Hodgson* v. *Johnson*, El. B. & E. 685.)

III. No action can be brought upon such contract. The plaintiff's remedy is limited to the implied contract for services rendered. (*Fuller* v. *Reed*, 38 Cal. 110; *Patten* v. *Hicks*, 43 Cal. 509; *Hill* v. *Hooper*, 1 Gray, 133.)

Even in an action upon the implied contract the plaintiff cannot show the value of the land. He can only show what the services were worth. (*Erben* v. *Lorillard*, 19 N. Y. 302; *Patten* v. *Hicks*, 43 Cal. 509; *Baldwin* v. *Palmer*, 10 N. Y. 234.)

We submit that the action of the Court below was correct and should be affirmed.

By the COURT:

The case of the plaintiff is not like that of *Mayers* v. *Child*, 47 Cal. 142, as supposed by the Court below. In that case the vendor of the stock repudiated the alleged contract, and so the transaction turned out to be of no benefit to the defendant there. But here the defendant did obtain an advantage, and acquired the title to a large property by means of the contract made by him with McCarthy, and upon which this action is brought.

We think that the views expressed by Lord Chief Justice Best, in *Seaman* v. *Price*, 10 Moore, and by the Supreme Court of the State of Missouri, in *Kratz* v. *Stocke*, 42 Mo. 351, are appropriate to the case before us, and upon the principles maintained in those cases the judgment given below should be reversed here.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.

RHODES, J., expressed no opinion.