## GARVIS v. CLAYBROOK.

No. 28799. May 31, 1939.

R. C. Searcy, for plaintiff in error

E. M. Connor, for defendant in error.

DANNER, J. The defendant in the trial court appeals from a judgment entered by the court in favor of the plaintiff in an action to enforce performance of an oral contract for the sale and delivery of certain personal property and for damages for non-performance of the contract.

It appears from the record that the defendant was in possession of a small stock of groceries with the fixtures and equipment upon which the defendant held a chattel mortgage executed by Ralph Lyons, a former owner. That accounts owing to wholesale companies amounting to around $218, for which the defendant was liable, had accumulated under the ownership of Lyons which, it is alleged, the plaintiff, by agreement with the defendant, was to pay and did pay with the understanding that the defendant would transfer to him the stock of groceries together with the fixtures and equipment and would also release of record the mortgage executed by Lyons.

In its judgment the court found the issues in favor of the plaintiff and directed the defendant to assign his chattel mortgage from Ralph Lyons, together with the debt secured thereby, to the plaintiff; decreeing that the defendant, under the agreement, had no interest in the property mortgaged. No proof of damages having been made by the plaintiff on the trial, the judgment is free from the allowance of damages.

The defendant challenges the judgment principally upon the ground that the court, under the pleadings and the evidence, was without jurisdiction to enter an order directing assignment to the plaintiff of defendant's mortgage on the stock and fixtures, asserting also the illegality of the judgment for the reason that Lyons, the mortgagor, was not made a party defendant in the action. The petition shows on its face that the plaintiff was entitled to some form of relief. In this, it was sufficient. Bowling et al. v. Viets, 176 Okla. 107, 54 P.2d 653. The action is equitable, therefore the court had the power to decree such relief as appeared best to protect the rights of the parties under the pleadings and the evidence. Eastwood et al. v. Clinkscales, 82 Okla. 52, 197 P. 455. In his answer the defendant admits that pursuant to the oral agreement he delivered to the plaintiff the stock of goods and placed him in possession thereof. In this situation it appears obvious, in view of the admitted payment by the plaintiff of the outstanding wholesale accounts, that he was entitled to relief from the effects of the mortgage. The complaint that the mortgage covered fixtures in the building belonging to Lyons and that for this reason the judgment is in excess of the court's authority, is without merit inasmuch as this question is between the plaintiff and Lyons and with which the defendant is not concerned.

We find no logical reason for reversing the judgment. Accordingly, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.