## MERFELD v. ANDERSON.

No. 12298—Opinion Filed Feb. 12, 1924.

### Frauds, Statute Of—Contracts Relating to Land.

Where A. buys land from B. by a verbal contract and pays a part of the consideration in cash and agrees to pay balance as soon as deed is executed and abstract is furnished - showing good title and, before the deed is executed, A. sells the land to M. by verbal agreement, at a profit, the consideration to be paid by M. upon execution of deed and approval of abstract title and the three parties agree, verbally, that B. shall execute the deed direct to M. instead of to A. and A. to M., and M. to pay the balance of the consideration to B. that A. was to pay B., and in pursuance of this agreement B. executes the deed to M. and M. pays to B. the full consideration that A. was to pay for the land, but refuses to pay A. the consideration he was to have, according to his agreement with M., and A. brings suit for such consideration and M. pleads the statute of frauds against the action on the ground that the contract was not in writing, held, that the statute of frauds does not apply as a defense.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by R. R. Anderson against L. N. Merfeld for purchase price of land. Judgment for plaintiff, and defendant brings error. Affirmed.

T. M. McCombs, for plaintiff in error.

Carlile & Wall and L. C. McNabb, for defendant in error.

Opinion by THREADGILL, C. This case presents an appeal from the district court of Sequoyah county. The plaintiff in error was defendant and defendant in error was plaintiff and the parties will be referred to as they appeared in the trial court. The plaintiff filed his suit against the defendant December 2, 1919, asking for judgment for $3,200, which he claimed the defendant owed him in a land sale. The facts were substantially as follows:

The plaintiff by verbal agreement with one Lee Blair, bought 320 acres of land from the said Blair for a consideration of $4,000, paying him $400 in live stock, which he delivered, and he was to assume a mortgage on the land in the sum of $2,200, and when the deed was executed was to pay him $1,400 in cash. Before the deed was execut-

ed the plaintiff, by verbal agreement, sold the land to the defendant for $7,200 including the $400 he had paid to Lee Blair which would give him a profit of $3,200, and this profit was to be paid him in 23 head of horses, which they estimated to be worth that sum. The three parties met in the town of Sallisaw and in an abstractor's office and agreed verbally that Blair should make the deed directly to the defendant and the defendant was to pay him $1,400 cash instead of his making the deed to the plaintiff and the plaintiff paying the $1,400.

The deed was drawn and the $1,400 and the deed were placed in escrow in the bank to await the approval of an abstract. Before the transaction was finally closed Blair learned that the plaintiff was making a profit of 23 head of horses in the sale, valued at $3,200, and he demanded that the plaintiff split this profit with him, which the plaintiff refused to do. The abstract being approved, the deed was delivered to the defendant and the $1,400 to Blair. The plaintiff demanded possession of the 23 head of horses as his part of the consideration and the defendant refused to fulfil the agreement in delivering them to him, and thereafter on March 27, 1920, plaintiff brought his action for the value of the horses in the sum of $3,200. After a motion to make more definite and certain and a general demurrer to the petition were overruled, the defendant filed his answer, consisting of a general denial and pleading the statute of frauds as a defense, to which the plaintiff filed a reply consisting of a general denial. The issues were tried to a jury on November 23, 1920, which resulted in a verdict and judgment in favor of the plaintiff in the sum of $2,000, and the defendant appealed, urging 12 assignments of error which he presents under one proposition and that is whether or not the question involved in the action was under the statute of frauds.

The defendant contends that the contract of sale with Blair claimed and pleaded by plaintiff is invalid under the statute of frauds because not in writing. The statute referred to being the 5th paragraph of section 5034, Comp. Stat. 1921, which provides that certain contracts are invalid without in writing, and reads as follows:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein, and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

It will be observed that the object of the contract was to transfer the title of the land from Blair to the plaintiff and from the plaintiff to the defendant, and by oral agreement among the three parties and to save the trouble and expense of two deeds, the deed, in fulfillment of the verbal agreement, was made by Blair direct to the defendant, Merfeld; that is to say, the verbal agreements claimed and pleaded by the plaintiff, were executed on the part of Blair and the consideration going to Blair was executed and nothing remained incomplete except the delivery of the 23 head of horses to the plaintiff, valued at $3,200. This being the state of facts upon which plaintiff bases the case and prosecutes the action, the well established rule of all the courts and text writers on the question involved hold against the defendants' contention. In 27 C. J. 350, the rule is stated as follows:

"But the great weight of authority supports the rule that the statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties and the party so performing may sue upon the contract in a court of law. * * * Particularly is this said to be true where the agreement has been completely performed as to the part thereof which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money or the performance of some act, the promise to do which is not required to be put in writing."

Also, on page 351, we have the rule stated in this form:

"Where an oral promise relating to the transfer of real property has been performed, the contract of which it is a part is no longer within the statute of frauds by reason of such promise and accordingly an action will lie for the breach thereof. The statute is no bar to an action for the price of land actually conveyed where the deed has been accepted or title has otherwise passed although the grantor could not have been compelled to convey, or the grantee to accept a deed, because the contract was oral. And the same is true of an oral agreement to assign the interest of a purchaser under an executory contract of sale; when the title has passed to the assignee he must pay the assignor the price agreed on."

In Kuhn v. Poole, 27 Okla. 534, 112 Pac. 962, in paragraph 2 of syllabus, we have same rule stated as follows by this court:

"Where an oral agreement is made between two owners, P. and K., of adjoining lots, that P. shall erect a party wall and staircase on the line between their lots and pay therefor, and that K. shall upon using

the wall pay one-half of the cost thereof, if the wall is built before any revocation and K. thereafter accepts the benefits of the contract and uses the wall, the contract is taken out of the statute, and an action thereon may be maintained."

To the same effect is the holding of the Kansas court in A., T. & S. F. R. Co. v. English, 16 Pac. 82, where the court uses the language:

"It was not a contract for the sale of land—it was the sale itself. The contract was perfected by giving the deed. This action is for damages sustained by plaintiff because the defendant refused to give him his pass for life over its road. The pass was promised to be given for the price of the land deeded. There is no provision of our statute which precludes a recovery of the price of land actually conveyed, even though the agreement concerning the price be oral."

In Logan v. Brown, 20 Okla. 334, 95 Pac. 441, paragraph 2 of syllabus, the same rule is stated as follows:

"The provisions of the statute of frauds or of uses and trusts have no application where the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing."

And in the body of the opinion we have the following language:

"It would be a sad commentary upon the law of our land if it was such that, leaving out all question of confidential relationship or deceit a man dealing with another could receive from him on a verbal contract a deed to his real property for the purpose of sale and then sell it and appropriate the money, refuse it on demand, and the courts be unable to assist the owner in getting it."

See, also, the following cases which support same rule: Love v. Kirkbride, Drilling & Oil Company, 37 Okla. 804, 129 Pac. 858; Robertson v. Howerton, 56 Okla. 555, 156 Pac. 329; Walker v. Shackelford, 49 Ark. 503; Atchison. T. & S. F. Ry. Co. v. English, 38 Kan. 110, 16 Pac. 82; McCarthy v. Pope, 52 Cal. 561; Aiken v. Nogle (Kan.) 27 Pac. 825.

The defendant cites the case of Boese v. Atchison et al., 83 Okla. 60, 200 Pac. 997, as his only authority in his construction of the statute according to his contention. That case was an action for specific performance and the instant case is for the purchase price of land sold and conveyed, and yet the holding of the court in that cause is against the defendant's contention. The court held that payment of money and acceptance of same under an oral contract were not sufficient to sustain specific performance, but that payment of the purchase price and taking possession in good faith of the premises with the knowledge and consent of the owner and making permanent improvements thereon would be sufficient under an oral contract. The holding in the case is against the defendant's argument as applied to the facts in this case. We must, therefore, conclude that there is no merit in the appeal and the judgment of the court below should be affirmed.

It appears from the record that the defendant, in taking his appeal, executed a supersedeas bond, with J. H. Merfeld and George Merfeld as sureties, to the plaintiff in the sum of $4,000, conditioned to pay the judgment appealed from and all costs in case the judgment was affirmed, and the plaintiff having called attention to this bond in his brief and asking for judgment against the sureties in case of affirmation of the judgment under rule of this court and the statute in such cases made and provided, and the court, being fully advised, does hereby render judgment against the said sureties for the sum of $2,000, and interest and costs.

By the Court: It is so ordered.