## MacTHWAITE OIL & GAS CO. et al. v. SCHULTE et al.

No. 15220—Opinion Filed Dec. 22, 1925.

Rehearing Denied Feb. 15, 1927.

**1. Frauds, Statute Of — Not Applicable Where Part of Contract Remaining to be Performed is Merely Payment of Money.**

The provisions of the statute of frauds have no application where parties have entered into an oral agreement for the sale of an interest in real estate and pursuant thereto, the vendor has tendered to the vendee the instrument of conveyance, together with the abstract showing good and merchantable title, according to the requirements of the vendee, and such oral agreement is completely performed or executed on the part of the vendor, and the vendee accepts such conveyance, and the part remaining to be performed is merely payment of purchase price by the vendee, the promise to do which is not required to be in writing.

**2. Disposition of Cause.**

The judgment should be affirmed under the above, since the verdict on which same is based, under elementary rules, is supported by the sufficient quantum of evidence as to the acceptance of the conveyance by the vendees and the authority of the agents to make such oral agreement and such acceptance, and the record is without prejudicial error otherwise.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by W. F. Schulte and H. A. Sibley against MacThwaite Oil & Gas Company and T. W. Satterthwaite. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. F. McKeel, Robt. S. Kerr, and W. C. Duncan, for plaintiffs in error.

W. F. Schulte and Lydick, McPherren & Wilson, for defendants in error.

Opinion by ESTES, C. W. F. Schulte and H. A. Sibley had judgment on verdict for $9,000 against MacThwaite Oil & Gas Company and Satterthwaite for an oil and gas mining lease alleged to have been sold and assigned by the former to and accepted by the latter. Plaintiff Sibley having departed this life, the cause in his behalf has been duly revived in the name of B. H. Epperson, administrator of his estate. Parties will be referred to as they appeared in the trial court. The errors assigned in this appeal by the oil company and Satterthwaite will be disposed of under the propositions presented by them. The first is that the contract alleged by plaintiffs to have been made, and sought to be enforced in this action, is within the statute of frauds and therefore void. Briefly stated, plaintiffs alleged that they, as owners of the lease, listed same with brokers at Ada, with whom defendants, for themselves and by their agents, agreed orally to purchase for $9,000, and thereafter agreed with plaintiff Schulte orally to rely upon an oral contract for such sale; that pursuant thereto, plaintiffs executed an assignment of the lease to defendant Satterthwaite as directed by defendants, and presented same, together with abstract of title, to attorneys for defendants, and thereafter made certain required corrections in the title; that Mr. Duncan, attorney for defendants, approved and accepted said assignment for defendants, and directed plaintiffs to take same to Mr. Sneed, agent of both defendants at the office of the oil and gas company at Ada, and receive payment therefor; that said Sneed, on behalf of defendants, accepted said assignment, abstract, and opinion, and that defendants had retained possession of them at all times thereafter; "that the defendants, and each of them, still have said assignment, abstract, and written opinion in their possession, and that they, and each of them, have wholly failed, refused, and neglected to pay these plaintiffs the purchase price therefor; that the plaintiffs allege that by reason of the delivery of said assignment of said lease that the title of said lease has in fact passed to the defendants and each of them." While plaintiffs alleged other grounds, such as estoppel, against defendants, it thus appears that plaintiffs clearly relied upon an executed oral agreement for the sale of this lease, their suit being for the purchase price, the promise to pay which was not within the statute of frauds. The court instructed:

"Gentlemen of the jury, you are instructed that if you find by a fair preponderance of the evidence that the defendant Satterthwaite and Robert Wimbish entered into

an oral agreement with T. O. Dandridge, oil lease broker, who had this lease for sale, to purchase same, and you further find Robert Wimbish was authorized to complete the contract so that same would be binding on either party, and acting under said authority, Robert Wimbish entered into an agreement with the plaintiffs to waive a written escrow agreement, and you further find by a preponderance of the evidence that the proposition of the defendants, MacThwaite Oil & Gas Company and T. W. Satterthwaite, was not withdrawn, and that the plaintiffs in due time and without unnecessary delay presented to the attorneys for the MacThwaite Oil & Gas Company and the defendant T. W. Satterthwaite, an assignment of the oil and gas interest as contracted, together with an abstract showing good title, and that same was accepted by the defendants, then and in that event, you would find for the plaintiffs for the amount you may find they agreed to pay for said oil and gas lease, otherwise you will find for the defendants.

"You are instructed that an oral agreement, unless it is completely performed by one of the parties, is not binding to purchase an oil and gas lease.

"* * * An oral agreement to purchase real estate is not binding on any one. Neither side could have been compelled to carry out that agreement, for the reason the law provides all transfers of any interest in real estate must be in writing."

The rule applicable is restated by Mr. Commissioner Pinkham in Lowerre v. Lucas, 98 Okla. 113, 224 Pac. 336, thus:

"The provisions of the statute of frauds or of uses and trusts have no application when the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing."

See Merfield v. Anderson, 97 Okla. 208, 224 Pac. 161, quoting with approval from 27 C. J. 350. It is unnecessary to cite the numerous authorities to the same effect from this and other courts. Defendant company was a corporation organized under the laws of this state with its principal place of business at Ada. its stock being largely owned by defendant Satterthwaite and other parties residing in New York. Wimbish & Duncan of Ada, were attorneys for defendants, Mr. Duncan of the firm being president of defendant company. Defendant Satterthwaite was vice president and a director. He was present in Ada, and with the other agents named, carried on the oral negotiations referred to herein, and thereafter wrote letters from New York, shown by the record. pertaining to the alleged purchase. The Mr. Sneed referred to was local manager and in charge of the office of the company at Ada. It is contended that these parties had no authority to make such alleged oral agreement or to bind defendants by acceptance of such assignment on behalf of the company. The court instructed the jury:

"Gentlemen of the jury, you are instructed in order to find a judgment against the defendant MacThwaite Oil & Gas Company, you must find that Satterthwwaite and Wimbish & Duncan were acting in their behalf, and that they were their agents and had authority to purchase this lease for the MacThwaite Oil & Gas Company, and in determining whether or not these parties were acting for the MacThwaite Oil & Gas Company, you may take into consideration all of the facts and circumstances surrounding this transaction, and from them draw a conclusion as to whether or not the defendant T. W. Satterthwaite and Robert Wimbish was acting for and in behalf of the MacThwaite Oil & Gas Company.

"And if all the facts and circumstances in evidence would lead the public dealing with the MacThwaite Oil & Gas Company to believe that they were acting for and on behalf of the MacThwaite Oil & Gas Company, and such belief would be the reasonable inference from all the circumstances that they were acting for and on behalf of the MacThwaite Oil & Gas Company and that the MacThwaite Oil & Gas Company knew they were holding themselves out to the public as agents of the MacThwaite Oil & Gas Company, and made no efforts to inform the public otherwise, under such circumstances you are authorized to infer agency; you don't have to infer agency from such circumstances."

Such agency was a question to be determined by the jury on all facts and circumstances. We have somewhat carefully examined this record, and while there is a conflict of evidence as to the facts of acceptance of said assignment and as to such agency, under the well-known rule, there is ample evidence to sustain the verdict in favor of plaintiffs on both questions. Conceding as matter of law, under Quaker O. & G. Co. v. Jane O. & G. Co., 63 Okla. 234, 164 Pac. 671, that Satterthwaite, as vice president, and Mr. Duncan, as president of defendant corporation, had no inherent authority by virtue of their offices to contract for the corporation, and their authority was no greater than that of any other director, there is evidence that several other leases were purchased by them and Mr. Wimbish in the same manner at or about the same time, which were accepted and paid for by defendant corporation, the money being had from

New York for such purpose. This, together with the fact that this assignment was retained by the agents and officers of the company—although they offered to return the assignment to the plaintiffs after this suit was filed—together with other circumstances, supports the finding of the jury on the theory either that defendant company duly authorized Wimbish & Duncan, Sneed, and Satterthwaite to make such alleged oral agreement to purchase and the acceptance of the assignment, or ratified their acts and conduct, if same was unauthorized. As to defendant Satterthwaite, the assignment was, per directions, made to him, and there is evidence that the purchase was made for and by him and said company, he acting personally in the oral negotiations. We do not deem it important or necessary to review the evidence further. We take it that defendants could have repudiated this contract, because of the statute of frauds, at any time before the acceptance by the defendants of this assignment. This appears by the court's instructions. We conclude that not only was the cause as alleged not within the statute of frauds, but that such allegations were supported by the evidence and so found by the jury.

The second proposition of defendants is that the instructions given by the court were erroneous, and this objection is leveled, for the most part, against those quoted above. Perhaps the instructions were not according to the precision and finesse which the learned trial court might have indulged. They substantially covered and fairly submitted the issues. The instructions requested by defendants and refused were either in conflict with or covered by the charge given.

The other contention of defendants is error in admission of incompetent testimony. Schulte, at the time of the negotiations, had one lease on ten acres and another on 20 acres. With the consent of said attorneys, and because it was thought best, he released these and procured a new lease on the 30 acres, which was introduced in evidence. The oral agreement was of April 30, 1921, the new lease being dated April 22, 1921, and not filed for record until May 12, 1921. Testimony to explain this transaction was not error. The other testimony complained of pertained to evidence that these same persons acted for defendants in the purchase of other leases in the same manner and at about the same time as the one in controversy, which leases were accepted and paid for by defendant company, thus tending to prove such agency. This was not error.

The record being thus without prejudicial error, let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. p. 351, §431. (2) 4 C. J. p. 1130, §3122.