OAKES v. TRUMBO.

No. 32653.   Dec. 7, 1948.

Rehearing Denied Jan. 18, 1949.

*201 P. 2d 916.*

W. H. Brown, Paul Darrough, a n d Virgil R. Ball, all of Oklahoma City, for plaintiff in error.

Rainey, Flynn, Green & Anderson, of Oklahoma City, f o r defendant in error.

DAVISON, V. C. J. This is an action by plaintiff, as prospective vendee, to enforce an alleged contract for sale to him by defendant of an unimproved 80-acre tract of farm land in Cleveland county. From a judgment for defendant, plaintiff appeals. Omitting unimportant minor details, we outline the facts herein.

The defendant, A. C. Trumbo, the owner of the land in question, in 1941 listed the same with a real estate agent in Oklahoma City, for sale at $4,080 cash. During the ensuing two years, defendant wrote his agent several letters, encouraging him to sell the property and reducing the price to $4,000 a n d the agent sent defendant several prospective buyers, but no sale was consummated. There is nothing in these letters which authorized the agent to complete a sale, or to execute a contract or deed.

On October 20, 1943, a wildcat oil well was being drilled some three or four miles from the farm when plaintiff contacted the agent with reference to purchasing it. He signed a purchase contract whereby he offered to pay $1,500 cash and $2,500 in five annual installments, as purchase price, and deposited with the agent the amount of the cash payment. The contract provided, "This deposit and offer is taken subject to approval of owner by telegram this date."

The agent then contacted the defendant, in Chicago, by telephone, and explained the offer to him, requesting a confirmation. The testimony is conflicting as to the information given about the prospective purchaser and the progress of the o i l well development. However, the defendant wired t h e agent:

"Sell 80 acres less royalty already out four thousand dollars fifteen hundred cash five hundred each year six per cent.

"A. C. Trumbo."

And wrote a letter on the same day:

"Am sending wire confirming sale of the 80 in 10-9-3W C $4,000.00, $1,500.00 cash and $500 each yr for 5 yrs at 6%— 40 of Royalty held by Welch when I bot it.

"If oil well comes in big I may want you to buy me something else to break even—My tenant Ed Prible told me not to sell. I will go to Ohio tomorrow— be in Cleveland O. Sunday and back here Mon. or Tues.

"A. C.

"Wrote my steno. Elsie Franklin, Box 109, Muskogee, to send abst to you and you have it brot down to date."

The abstract was sent to the agent by defendant's secretary and w h e n Trumbo returned he found the deed, mortgage and notes on his desk for acceptance a n d execution. Immediately before his return, he had b e e n informed that a big oil well had come in near his land. The oil royalty value of h i s land increased to approximately three times the value of the fee, prior to the completion of the well. Defendant refused to execute the deed a n d this action was filed.

The proposition presented is as to the sufficiency of written memoranda to comply with our statute of frauds. 15 O. S. 1941 §136, subd. (5):

"The following contracts are invalid, unless the same, or some note or mem-.

orandum thereof, be in writing and subscribed by the party to be charged, or by his agent.

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The only instruments in writing, signed by defendant, "the party to be charged," are those copied above, and no reference is made in either to any other writing. Both of these were addressed to the agent; neither makes any mention of the identity of the purchaser. The agent had no authority to execute any instrument binding his principal.

"It is a general rule that parol evidence cannot be permitted to supply an omission of any essential element of the contract." Halsell et al. v. Renfrow et al., 14 Okla. 674, 78 P. 118.

In that case this court held that a contract for the sale of lands, binding under the statute of frauds, may be gathered from letters, telegrams and writings, so connected with each other that they may be said to fairly constitute one paper relating to the contract, but that it must be complete within itself and leave nothing to rest in parol. It must be certain with reference to the parties, the terms of the sale, and the description of the property.

The facts herein are quite analogous to those in the Halsell case, supra. In both cases the writings were between the person sought to be charged and his own agent; not between the prospective vendor and vendee. In the body of that opinion it is said: "Communications between the agent and his principal do not ordinarily constitute a part of the agreement itself. . . ."

The offer to purchase, therefore, signed by the plaintiff, did not become a part of the written contract. The defendant is not bound by the contents of the telegram and letter to his agent.

In a case wherein the facts were quite similar to those here presented the Kansas Court said:

"It is essential that a writing to be effective shall not only be signed by the party to be charged, but also designate the party in whose favor he is charged." Banta v. Newbold et al., 108 Kan. 578, 196 P. 433.

The Florida court said:

"Under statute of frauds, written memorandum for sale of land must designate land, and disclose terms of sale and other contracting party so that he can be identified without parol proof." Bellaire Securities Corp. et al. v. Brown et al., 124 Fla. 47, 168 So. 625.

The New York court said:

"A memorandum which did not contain buyer's name was an insufficient compliance with the statute of frauds." Illinois Pearl Button Co., Inc., v. Acme Plastics Mfg. Co., Inc., 51 N. Y. S. 2d 5.

In the case of Jennings et al. v. New York Petroleum Royalty Corp., 169 Okla. 528, 43 P. 2d 762, the Halsell case was discussed and numerous other cases cited supporting the reasoning therein.

The writings in the instant case did not contain one of the essentials declared necessary by the above-quoted interpretations of the statutory provision, that is, the identity of the vendee.

In order for plaintiff to successfully rely upon a contract with defendant's agent, he had the burden of proving the agent's authority to make the contract which is required to be in writing. House v. Boylan et al., 186 Okla. 124, 96 P. 2d 532.

The judgment of the trial court is in harmony with the principles herein discussed and should not, therefore, be disturbed.

Judgment affirmed.

HURST, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur. WELCH, J.,

concurs in conclusion. RILEY and AR-
NOLD, JJ., dissent. LUTTRELL, J.,
not participating.

Rehearing Denied Jan. 18, 1949.