William R. WABAUNSEE and Vivian Hahn Wabaunsee, Appellants,

v.

David O. HARRIS and John G. Ghostbear, Appellees.

No. 51345.

Supreme Court of Oklahoma.

April 22, 1980.

See also, Okl., 593 P.2d 86.

Paul F. McTighe, Jr., and Eric E. Anderson, Tulsa, for appellants.

Marion M. Dyer, Broken Arrow, for appellees.

HODGES, Justice.

This action, based on an alleged breach of professional responsibility, was initiated by William R. Wabaunsee and Vivian Hahn Wabaunsee, appellants, [Wabaunsees], as-

serting that David O. Harris and John G. Ghostbear, appellees, [lawyers], failed to represent them in a proper, skillful, and diligent manner. The trial court after an examination of the pleadings, affidavits and depositions filed in the case sustained the appellees' motion for summary judgment.

In 1974, the appellants were indicted by a Federal Grand Jury in the Southern District of Illinois. The indictment alleged that the appellants had transported stolen goods across state lines. It failed to charge that the asportation was with knowledge that the property was stolen. The trial resulted in a hung jury. The attorney representing the appellants withdrew from the case, and the appellees represented the Wabaunsees at the second trial which resulted in a verdict of guilty. After the guilty verdict was reached, the Wabaunsees' bond was revoked. They were confined in the Peoria Illinois County Jail from November 1, 1974, until November 24, 1974, when they were released through the efforts of a Peoria, Illinois attorney, Joseph R. Napoli. Subsequently, the convictions were reversed in *United States v. Wabaunsee*, 528 F.2d 1 (7th Cir. 1975) based on the insufficiency of the indictment. The sufficiency of the indictment under which they were tried was attacked for the first time on appeal. The Court of Appeals commented that the indictment had not been challenged at any time during the two trials, and determined that although a more rigid standard is applied when the sufficiency of an indictment is raised for the first time on appeal, the indictment was "so obviously defective as to not charge the offense by any reasonable construction."

As an outgrowth of the trial litigation, the Wabaunsees entered into a contract with the lawyers for legal services. The Wabaunsees failed to pay the contractual sums and the lawyers filed suit to recover on the contract. The Wabaunsees filed a counterclaim against the lawyers alleging that: they negligently handled the trial; did not represent them in a skillful and diligent manner, and abandoned them in the Peoria jail for over twenty-one days. The counterclaim was dismissed without prejudice, and a default judgment was entered against the Wabaunsees on the contract for legal fees. This case was appealed, No. 48,597, the Court of Appeals reversed and remanded, and this Court granted certiorari and affirmed the trial court in *Harris v. Wabaunsee*, 593 P.2d 86 (Okl. 1979).

In essence, the allegations of the Wabaunsees' counterclaim were reasserted in this case. The Wabaunsees contended that the lawyers were grossly negligent, both during and after the Peoria trial. The trial court struck the allegation, "and also during the trial," stating this had been ruled on when the lawyers obtained a judgment for services rendered in the contract action.

Basically, there are two main thrusts to the Wabaunsees' contentions: 1) the purported failure of the lawyers to expeditiously secure bond after conviction, and 2) the alleged negligent misrepresentation by the lawyers at the time of trial.

I

The Wabaunsees urge that the trial court erred in granting the lawyers' motion for summary judgment. They contend that Ghostbear and Harris abandoned them after the trial; and that they showed a lack of due diligence in not appealing the trial court's denial of bond to the Seventh Circuit Court of Appeals instead of negotiating a recommendation from the prosecuting attorney. This contention was repudiated by the affidavits of the two witnesses submitted by the Wabaunsees to support the allegation.[1] Further, the petitions reflect

---

1. Joseph R. Napoli, the attorney employed to have bond set, testified that the bond was posted in the most expedient manner possible. He also testified when asked if appellees prejudiced appellants' rights that:

"Once again, I can only talk from the very narrow point of view, and that is to tell you that from the time that I was involved in this matter through the sentencing I talked to them on numerous occasions, which I have read into the record, and from just the mat-

that the Wabaunsees did not allege that they could have posted bond, had it been granted by the court any time before November 18, 1974.[2]

The Wabaunsees argue that with the exercise of due diligence the lawyers could, and should, have appealed the denial of bond. However, witnesses for the Wabaunsees testified that, in their opinion, the most expeditious way to obtain bond was to reapply to the trial court with a recommendation from the prosecutor, and that when a bond of $50,000 had been agreed upon, it would be useless to waste time and effort in appealing.

■■■ *Collins v. Wanner*, 382 P.2d 105 (Okl.1963) is applicable in this instance. It holds that:

"An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers."

When the lawyers introduced evidence in their favor indicating there was no substantial controversy as to the expeditious handling of the posting of bond, the Wabaunsees had the burden of showing that evidence was available which would justify trial of the issue.[3] The Wabaunsees failed to meet this burden.

## II

■■ It is contended by the Wabaunsees that the trial court erred when it determined that the doctrine of informed consent was not applicable in this instance. Although this theory was discussed in the brief in opposition to the motion for summary judgment, it was not alleged in the petition. This Court has repeatedly held that the inquiry on appeal concerning the propriety of the entry of summary judgment is limited to potential controversies

---

ters that I have handled, pigeon-holing those matters and by-passing everything else that may have transpired, I know of nothing that they failed to do other than my having to inform them about their post-trial motion time."

Richard T. Sikes, an attorney appellants stated they intended to call as a witness, gave an affidavit in which he stated:

"That I am also the same attorney who at the request of the Plaintiffs, gave deposition in the above captioned cause at Chicago, Illinois, on the 22nd day of February, 1977;

"That the facts, information and documents made known to me at the time of the taking of the deposition are the only facts, information and documents ever brought to my attention which relate to the period of time of November 1, 1974, until November 18, 1974, during which period of time the Plaintiffs were incarcerated subsequent to conviction on October 31, 1974, and denial of bond on November 1, 1974, until granting of bond on November 18, 1974;

"I am unable to conclude on the bases of facts, information and documents made known to me during my deposition on February 22, 1977, that the Defendants above named abandoned their clients or showed a

lack of due diligence, during the time period November 1, 1974 to November 18, 1974."

2. The record reflects that it was very difficult for bond money to be raised. The collateral to be posted was antique Indian jewelry, and it was not possible to find a buyer for the collection, or a bondsman to agree to accept it for collateral.

3. *Weeks v. Wedgewood Village*, 554 P.2d 780, 785 (Okl.1976). The ruling on motions for summary judgment must be made on the record the litigants have actually presented, and not on a record which is potentially possible. In *Weeks v. Wedgewood Village, supra*, at page 784, this Court said:

"The mere denial in a pleading, repeated in an affidavit unsupported by any proof is not sufficient to require the credibility of the opposing party to be determined on trial. Motions for summary judgment do not admit all the well-pleaded facts in a petition. Although the allegations of the pleadings standing alone may raise an issue of material fact, summary judgment is not to be denied if other documentation pertinent to the motions palpably show the absence of such an issue. Rule 13 is intended to permit a party to pierce the allegations of the pleadings to show that the facts are otherwise than as alleged."

concerning any issue *raised by the pleadings*.[4]

## III

The Wabaunsees originally sued the lawyers for negligent representation. The trial court struck the allegation of negligence occurring during the Peoria trial and determined that judgment for the attorneys in the contract action for recovery of attorney fees precluded the Wabaunsees from suing on matters which occurred at the Peoria trial, but that the Wabaunsees could litigate matters which took place after the trial. The Wabaunsees argue that the resolution of the contractual action has no bearing on their claim of professional irresponsibility, and that their claim of negligent practice is an independent one which has never been adjudicated.[5]

The trial court evidently determined that either res judicata or estoppel by judgment was applicable. These terms are sometimes used interchangeably, but in Oklahoma, res judicata bars a second action where the parties and the two causes of action are the same. Where the two causes of action are different, the litigants are estopped by judgment to deny only those matters which are common to both suits.[6] Estoppel by judgment is applicable when the second suit is between the same parties, but on a different cause of action.[7]

The fact of negligent representation has never been determined. Even if the lawyers did not skillfully and diligently represent the Wabaunsees at the trial, this does not abrogate the contract entered into after the trial. The defenses to the contract were fraud and undue influence, which have nothing to do with how the trial was conducted. Any negligence occurring at trial was independent of the action for recovery of legal fees. The trial court erred in disallowing the action for alleged negligent representation during the Peoria trial.

REVERSED IN PART, AFFIRMED IN PART.

LAVENDER, C. J., and WILLIAMS, BARNES, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and SIMMS and OPALA, JJ., concurring in part, dissenting in part.

---

4. *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489, 493 (Okl.1974); *Edwards v. Pierce*, 376 P.2d 269 (Okl.1962); *Vitale v. Dunnett*, 365 P.2d 122 (Okl.1961).

5. If the facts alleged in the Wabaunsees' affidavits are true, a cause of action would exist.

6. In *Runyan v. City of Henryetta*, 321 P.2d 689, 693 (Okl.1958) this Court discussed estoppel by judgment:

   "Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit on a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein." *Harding v. Taylor*, Okl., 272 P.2d 443; *Johnson v. Whelan*, 186 Okl. 511, 98 P.2d 1103.

7. *Meyer v. Vance*, 406 P.2d 996, 1002 (Okl. 1965).