1998 OK 81

**Herbert P. SPERLING, Jr., Plaintiff/Appellant,**

v.

**Betty J. MARLER and William Delay, Defendants/Appellees.**

No. 88140.

Supreme Court of Oklahoma.

July 16, 1998.

Michael W. Blevins, Sayre, for Plaintiff/Appellant.

Ralph A. Sallusti, Oklahoma City, Terry J. Garrett, Norman, for Defendants/Appellees.

SIMMS, Justice.

¶ 1 Herbert Sperling filed suit seeking payment for the sale of mineral interests he conveyed to Defendant, Betty Marler, through her alleged agent, Delay. The theory of defense, *inter alia,* was that the documents surrounding the transaction failed to meet the requirements of the statute of frauds. Both Plaintiff and Defendant Marler filed Motions for Summary Judgment and the trial court entered summary judgment in favor of both Defendants.

¶ 2 Sperling appealed and the Court of Civil Appeals affirmed the trial court. We grant certiorari, vacate the opinion of the Court of Civil Appeals and reverse and remand to the trial court, finding the documents are not so deficient as a matter of law to warrant summary judgment based upon the statute of frauds and a fact issue exists with regard to the alleged agency relationship between Defendants, Marler and Delay.

¶ 3 In reviewing a grant or denial of summary judgment, this Court will examine pleadings and evidentiary materials to determine what facts are material and whether there is substantial controversy as to one material fact. See *Malson v. Palmer Broadcasting Group,* 1997 OK 42, 936 P.2d 940; *Wabaunsee v. Harris,* 1980 OK 52, 610 P.2d 782. If substantial controversy as to a material fact exists, then summary judgment is improper. See *Malson* and *Wabaunsee.*

¶ 4 Defendants, Marler and Delay, were in the business of brokering mineral interests, putting sellers together with prospective buyers. In March 1994, Delay prepared a warranty deed for Sperling and executed a sight draft, which was drawn on Marler's account in the amount of $31,000.00. The warranty deed, dated April 4, 1994, conveyed twenty net mineral acres from Sperling to Marler. When the Grantor, Sperling, presented the draft for payment Marler refused to allow the bank to disburse the funds. Shortly thereafter, the warranty deed was returned to Sperling.

¶ 5 Plaintiff first argues that the statute of frauds is satisfied with the combination of documents which exist in the instant case. However, because Delay is the only defendant to have signed the sight draft which contains the reference to the purchase price, Plaintiff attempts to bind Marler by Delay's actions based upon an agency relationship between the two defendants. To bind a principal under 15 O.S.1991 § 136(5), the authority of the agent must be in writing, signed by the principal to be charged. In an effort to circumvent the writing requirement under the statute of frauds, Plaintiff relies on case law pertaining to joint ventures. Because each co-venturer acts as agent and principal for the other co-venturers within the scope of the joint enterprise, Plaintiff asserts that Delay was acting as Marler's agent by virtue of a joint venture, even though no written agency agreement existed. *Martin v. Chapel, Wilkinson, Riggs & Abney,* 1981 OK 134, 637 P.2d 81, 85.

¶ 6 We find that we are unable to say as a matter of law that the signed documents in this case fail to meet the requirements of the statute of frauds. This then poses a question of fact regarding an alleged joint venture relationship between Defendants, Marler and Delay. As a result of this material factual controversy, we find the grant of summary judgment was improper.

## I. Does a Part Performance Exception to the Statute of Frauds Apply?

¶ 7 Because this cause concerns a contract for the sale of an interest in real property, the statute of frauds, 15 O.S.1991 § 136(5), applies. Unless the contract is outside the statute of frauds, the statute's requirements as to signature and contents must be satisfied with respect to each party to be charged. Partial performance of a contract can in some instances take a contract outside the statute of frauds.

¶ 8 *Smith v. Lawson,* 1956 OK 311, 307 P.2d 141, 144 holds, "the statute of frauds is inapplicable to a case where an oral contract has been completely performed except for the payment of the purchase price." Plaintiff contends that the only remaining portion of the contract to be completed was payment

of the purchase price, in the form of honoring the sight draft. *Smith* specifically relies on the reasoning of *MacThwaite Oil & Gas Co. v. Schulte*, 123 Okla. 231, 253 P. 53 (1925). Both *MacThwaite* and *Smith* were situations in which the vendee accepted the conveyance and the only remaining performance was payment of the purchase price. *MacThwaite*, 253 P. at 55; *Smith*, 307 P.2d at 145. The *MacThwaite* court, illustrating the importance of the vendee's acceptance of the conveyance, stated:

> We take it that defendants could have repudiated this contract, because of the statute of frauds, at any time before the acceptance by the defendants of this assignment.

*MacThwaite*, 253 P. at 55. Likewise, the *Smith* court noted defendant-buyer had undertaken certain steps which constituted her acceptance of the original assignment in addition to making partial payment and placing that payment in escrow. Unlike *Smith* and *MacThwaite*, this case had not only the payment of the purchase price remaining, but the purchaser's acceptance of the conveyance as well.

¶ 9 *Cloud v. Winn*, 1956 OK 267, 303 P.2d 305 also considered the issue of part performance in evaluating the validity of a partly written, partly oral contract for the sale of an interest in an oil and gas lease. The buyer delivered the assignment of the interest to a third party with directions to give the assignment to the buyer when payment was made. *Id.* These acts of performance were not enough to take the contract outside the statute of frauds. *Id.* at 312. Similarly, in *McCaleb v. McKinley*, 80 Okla. 38, 194 P. 105 (1920), the court acknowledged part performance can take a contract outside the statute of frauds, but said "preparation and delivery of the necessary deeds or abstract of title" was not sufficient. *See also Harris v. Arthur*, 36 Okla. 33, 127 P. 695, 695–96 (1912).

¶ 10 The part performance which was present here, namely the execution and delivery of the mineral deed, is not enough to circumvent the statute of frauds. *See Id.; McCaleb v. McKinley*, 194 P. at 106. As a result, the instant case is still within and subject to the statute's requirements.

## II. Does the Agreement Fail to Meet the Statute's Requirements?

¶ 11 The statute of frauds posts written requirements for a host of contractual agreements, making it impossible to compel their enforcement under the law if a writing does not exist or is insufficient in detail. 15 O.S. 1991 §§ 136(1)–(5).

¶ 12 With regard to satisfying the requirements of the statute of frauds, it is important to note this case is not devoid of written commemoration of the alleged agreement. The writings which exist are: (1) a mineral deed signed by Plaintiff conveying 20 net mineral acres from Sperling to Marler, dated April 4, 1994; (2) a sight draft prepared and signed by Delay to Sperling in the amount of $31,000.00, drafted on Marler's account, dated March 31, 1994, in which Plaintiff crossed out and initialed language relating to redraft privileges; (3) a memorandum agreement, signed by Sperling, Marler and Delay, expressing Sperling's intent to convey twenty net mineral acres, while reserving to Sperling two and one-half mineral acres, dated April 4, 1994.

¶ 13 Plaintiff asserts these documents are interrelated and can be considered together to satisfy the statute of frauds. *Clay v. Reynolds*, 169 Okla. 416, 37 P.2d 244, 246 (1934) (quoting 27 C.J. 259, at section 308) supports Plaintiff's assertion stating, " '[t]wo or more writings properly connected may be considered together, matters missing or uncertain in one may be supplied or rendered certain by the other, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signature.' " Plaintiff's assertion is further supported by *Bowling v. Viets*, 176 Okla. 107, 54 P.2d 653, 655 (1936), in which a combination of telegram wires was "sufficiently definite and complete to evidence such a meeting of the minds" and satisfy the statute of frauds.

¶ 14 There is evidence the memorandum agreement, the only document containing Marler's signature, was prepared after the sight draft and warranty deed. Marler contends its subsequent preparation

prevents the memorandum from being considered part of the contract for purposes of the statute of frauds. Even if the memorandum agreement was prepared after the other two documents, the subsequent preparation does not remove it from consideration in evaluating the contract's validity.

> The general rule is that the memorandum of the contract required by the statute of frauds may be made subsequently to the making of the contract itself and at any time before an action is brought on the contract ... and may be made at any period of the performance of the contract and even after an alleged breach has occurred[.]

*Teel v. Harlan,* 199 Okla. 268, 185 P.2d 695, 697 (1947) (citations omitted); *See also Pauly v. Pauly,* 198 Okla. 156, 176 P.2d 491, 494 (1947) ("The fact that the part of the agreement contained in the memorandum was not reduced to writing until after the delivery of the deed does not preclude its consideration as a part of the transaction."). As a result, the memorandum agreement which contains the signatures of Plaintiff and both Defendants can be considered in conjunction with related documents to satisfy the statute of frauds.

¶ 15 Plaintiff attempts to charge two different defendants with enforcement of this agreement, and therefore, the writings must be examined with regard to each party to be charged.

■ ¶ 16 The statute of frauds requires a contract for the sale of an interest in real property set forth the parties, subject matter, price, a description of the property and the signature of the party to be charged with enforcement, whether vendee or vendor, leaving nothing to parol. *Pettigrew v. Denwalt,* 1967 OK 53, 431 P.2d 333; *See also Oakes v. Trumbo,* 201 Okla. 102, 201 P.2d 916

(1948) (memorandum must be certain with reference to the parties, terms of sale and description of property).

¶ 17 With regard to Delay, Plaintiff has the signed sight draft which contains the required information. Delay also signed the memorandum agreement, which expresses Sperling's intent to convey twenty net mineral acres and reserve two and one-half net mineral acres.

■ ¶ 18 Between the two documents signed by Delay, (a) the three parties are listed by signature or reference in both documents, (b) the subject matter is set out, being twenty net mineral acres in the Washita County property, (c) a description of the property is contained in both documents,[1] (d) the price of $31,000.00 is shown by the sight draft, (e) and a reservation of 2.5 net mineral acres is accepted. Given the extent of the contractual information contained in the two documents signed by Delay, we cannot agree as a matter of law and for purposes of summary judgment that Plaintiff's claim against Delay stands barred by the statute of frauds.

### III. Existence of a Joint Venture

¶ 19 The only document containing Marler's signature is the memorandum agreement. Although the memorandum contains a brief description of the property and outlines Sperling's intent to convey twenty net mineral acres, it is devoid of any reference to the purchase price. As a result, there is no document signed by Marler which indicates Marler had a meeting of the minds with Plaintiff regarding the purchase price.

¶ 20 In an effort to bind Marler to the sight draft and the $31,000.00 purchase price, Sperling attempts to assert the existence of a joint venture relationship between Marler

---

1. The Court of Civil Appeals found that a fatal ambiguity existed with regard to a discrepancy in the property descriptions given in the deed and the sight draft. We note the warranty deed, sight draft and memorandum agreement all refer to "twenty net mineral acres", "Section 28", "11 North", "15 West", "Washita County, Oklahoma." The deed does contain more specific directional coordinates of "SE/4 & E/2 SE/4", but otherwise the property descriptions in each of the documents are virtually identical. A prop-

erty description is sufficient with regard to the statute of frauds, if it is specific enough to identify the property to the exclusion of any other property. *Thompson v. Giddings,* 1954 OK 281, 276 P.2d 229. However, an exact description of the property can be given by parol evidence. *Id.* Given our holding in *Thompson,* the property description is not so ambiguous as to fall short of the statutes of frauds and parties may offer an exact description by means of parol evidence at trial.

and Delay, who signed the draft. Marler relies on the 15 O.S. § 136(5) and its requirement that an agent's authority to sign a contract on behalf of the principal be in writing, if the principal is to be charged with enforcement.

¶ 21 Plaintiff asserts he has a right to show the existence of an agency relationship without a written agency agreement, due the existence of a joint venture between Delay and Marler, because "[e]ach member of a joint venture acts for himself as principal and as agent for the other members within the general scope of the enterprise." *Martin v. Chapel, Wilkinson, Riggs & Abney, supra.* The requirements of a joint venture are "(1) a joint interest in property, (2) an express or implied agreement to share profits and losses of the venture and (3) action or conduct showing cooperation in the project." *Id.*

■ ¶ 22 In deposition testimony both Defendants indicated there was an agreement to share profits, although Marler denies any agreement with Delay as to losses. Furthermore, the documents themselves (sight draft, warranty deed, and memorandum) at least lend themselves to a factual inquiry regarding the existence of a joint venture.

¶ 23 This Court has previously held:

[A]n oral agreement to share in the profits and losses arising from the purchase and sale of real estate is not within the statute of frauds: and the existence of such partnership and the interest of the parties therein may be established by parol evidence.

*Catlett v. Jordan,* 206 Okla. 473, 244 P.2d 564, 566 (1952) (citations omitted); *See also McLaughlin v. Laffoon Oil Co.,* 1968 OK 69, 446 P.2d 603, 609 (Okla.1968); *Thompson v. McKee,* 43 Okla. 243, 142 P. 755 (1914); *Workman v. Harrison,* 282 F.2d 693, 697–98 (10th Cir.1960); *Greenbaum v. Kirkpatrick,* 129 F.Supp. 648, 650 n. 2 (W.D.Okla.1955). Unlike the instant case, *Catlett* and its progeny involved plaintiffs who were themselves alleged members of the joint venture, filing suit against one or more co-venturers. Sperling, being a third party to the joint venture, stands in a different posture than did the plaintiffs in the above cited cases.

¶ 24 However, this Court in *LeFlore v. Reflections of Tulsa, Inc.,* 1985 OK 72, 708 P.2d 1068, examined the action brought by a third party to an alleged joint venture. In *LeFlore,* one of plaintiff's claims against an area nightclub was based upon an advertisement broadcast solely by a local radio station. The plaintiff was able to maintain and eventually prevail in her claim against the club, based upon the existence of a joint venture between the club and radio station.

¶ 25 Given the holdings of such cases as *Catlett v. Jordan,* in which joint ventures dealing with the sale of real property or an interest therein may be established by parol evidence, combined with our holding in *LeFlore* which allows a third party to the joint venture to assert a claim against a co-venturer by establishing the existence of the joint venture, we find the instant case presents an issue of fact which precludes the grant of summary judgment.

¶ 26 Sperling asserts a joint venture exists and Marler denies its existence. Since Sperling is not precluded from making a claim based upon a joint venture to which he was not a party, this factual issue is one that must be decided by a fact finder and not on summary judgment. *Johnson v. Plastex,* 1971 OK CIV APP 2, 500 P.2d 596, 597 ("whether a partnership exists is properly a question for the jury to determine.") (citing *Carey, Lombard, Young & Co. v. Huckaby,* 186 Okla. 685, 100 P.2d 894 (1940)); *See also LeFlore,* 708 P.2d at 1072 ("The law of partnership and of principal and agent applies in determining the rights and liabilities of co-adventurers and third parties."); *Martin v. Chapel, Wilkinson, Riggs, and Abney,* 637 P.2d 81, 86 (Okla.1981).

### IV. Plaintiff's Interlineation of the Sight Draft

■ ¶ 27 Plaintiff crossed out language on the sight draft which stated, "With Privileges of Re–Draft." We do not deny the interlineation relates to the issue of consideration and specifically the mode of payment and may play a role in Defendants' defense at trial. However, in and of itself, it is not

enough upon which to rest a grant of summary judgment.

### V. Conclusion

¶ 28   Due to the scope of information contained in the signed writings which exist in this cause and the factual questions presented by Plaintiff's allegations of a joint venture, we reverse the trial court's grant of summary judgment, vacate the opinion of the Court of Civil Appeals and remand this cause for further proceedings.

¶ 29   CERTIORARI   PREVIOUSLY GRANTED.   COURT OF CIVIL APPEALS OPINION VACATED.   REVERSED AND REMANDED   FOR   FURTHER   PROCEEDINGS.

SUMMERS, V.C.J., and HODGES, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

KAUGER, C.J., concurs in part, dissents in part.

LAVENDER, J., dissents.

OPALA, J., not participating.

