2006 OK CIV APP 100

**John COLLINS, Personal Representative of the Estate of Ruby F. Collins, Deceased, Plaintiff/Appellant,**

v.

**PACIFICARE OF OKLAHOMA, INC., d/b/a Secure Horizons, Defendant/Appellee.**

No. 102,990.

Court of Civil Appeals of Oklahoma, Division No. 4.

June 6, 2006.

W.R. Cathcart, Virginia Cathcart Holleman, Cathcart & Dooley Oklahoma City, OK, for Plaintiff/Appellant.

J. John Hager, Jr., The Law Office of J. John Hager, P.C., Edmond, OK, for Defendant/Appellee.

Opinion by KEITH RAPP, Vice Chief Judge.

¶1 The trial court plaintiff, John Collins (Personal Representative), personal representative of the Estate of Ruby F. Collins (Collins), deceased, appeals an order granting summary judgment to the defendant, Pacificare of Oklahoma, Inc. d/b/a Secure Horizons (Pacificare).[1] This appeal proceeds under the accelerated appeal provisions of Okla. Sup.Ct. R. 1.36, 12 O.S. Supp.2005, ch. 15, app.

## BACKGROUND

¶2 Pacificare provides a health service plan to persons eligible for Medicare benefits and uses the business name Secure Horizons. Pacificare provides benefits in addition to Medicare coverage. Pacificare, under the name Secure Horizons, operates under a contract with the Health Care Financing Administration (HCFA) of the United States Department of Health and Human Services. The contract was entered into pursuant to the Social Security Act, 42 U.S.C.A. § 1395 (West 2003 and Supp.2005)(Act) and following, as amended.[2]

¶3 Collins, an eligible person, enrolled with Pacificare to receive the health insurance coverages provided. She was provided with a handbook containing explanations of coverages, disclosures, procedures for obtaining benefits, and review of benefit decisions. As a part of the agreement with Pacificare, Collins had to agree that all of her health care would be provided by medical providers under contract with Pacificare. She also had to agree that she would have a primary care physician (PCP) and be required to obtain prior authorization and referrals for specialized services from her PCP. Collins' PCP

was a member of a group that contracted with Pacificare.

¶4 Collins alleged in her petition that she was a cancer survivor and underwent a routine CT scan which revealed a spot on her liver. The physician treating her for cancer recommended an MRI, which had to be approved by the PCP and Pacificare. She alleged that the PCP and Pacificare delayed approval and scheduling of the procedure resulting in growth of the tumor and surgery.

¶5 As a basis for recovery, Collins claimed that Pacificare breached its duty of good faith and fair dealing in numerous respects. She further alleged that the PCP was negligent and acted as an agent for Pacificare, thus making Pacificare liable as principal.

¶6 Pacificare answered by general denial and affirmative defenses. One of the defenses was that Pacificare is a "fiscal intermediary" for the federal government by virtue of the Social Security Act.[3] As a fiscal intermediary, Pacificare claimed sovereign immunity. Collins has not disputed whether Pacificare is a fiscal intermediary.

¶7 Pacificare moved for dismissal or judgment on its defenses. The trial court denied the dismissal and treated the motion as one for judgment. After a hearing and after receiving decisions from the United States District Court for the Western District of Oklahoma providing sovereign immunity to fiscal intermediaries, the trial court concluded that Pacificare was a fiscal intermediary and, therefore, enjoyed sovereign immunity. The court ruled that the case must be dismissed on this ground and that all other summary judgment issues became moot. Collins' Personal Representative appeals.

---

**1.** The action was originally filed by Collins, who died, and her husband now continues the action as Personal Representative.

**2.** The Act contemplates that the federal government will contract with private entities for the purpose of performance of the functions required under the Act. *See for example,* 42 U.S.C.A. § 1395kk–1 (West Supp.2005). The private entity is termed a "medicare administrative contractor."

**3.** An "intermediary" is defined in 42 C.F.R. § 400.202 (2005) as:

Intermediary means an entity that has a contract with CMS [Centers for Medicare & Medicaid Services, Department of Health and Human Services] to determine and make Medicare payments for Part A or Part B benefits payable on a cost basis and to perform other related functions.

## STANDARD OF REVIEW

■ ¶ 8 The trial court decision was made on a question of law, that is, does Pacificare enjoy immunity from suit. The parties do not dispute the existence of or the nature of the contractual relationship between Pacificare and the federal government. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1.

## ANALYSIS AND REVIEW

¶ 9 A line of cases involving suits by medical care providers against a party occupying the same legal posture as Pacificare, i.e. fiscal intermediary, conclude that the fiscal intermediary is immune from suit. The appellate record here contains two unpublished decisions by the United States District Court for the Western District of Oklahoma also holding that the fiscal intermediary has immunity in cases involving actions by a party, such as Collins, seeking benefits for their health care.[4]

¶ 10 In *Bodimetric Health Servs., Inc. v. Aetna Life & Cas.,* 903 F.2d 480 (7th Cir. 1990), Medicare providers brought action against a fiscal intermediary, alleging fraud and wrongful misconduct in processing of claims for reimbursement. The court held that: (1) providers' action against fiscal intermediary "arose under" the Medicare Act, and thus the action was subject to exclusive review provisions of that Act; (2) providers' action against the fiscal intermediary constituted action brought against the United States, Secretary of Health and Human Services, or "any officer or employee thereof," within the meaning of that Act's judicial review bar; and (3) that Act precluded judicial review of a claim brought against the fiscal intermediary pursuant to diversity jurisdiction. The *Bodimetric* court held that in their role as fiscal intermediaries, private organizations serve as federal officers or employ-

ees. *See Bodimetric Health Servs., Inc.,* 903 F.2d at 487–88.

¶ 11 In *Midland Psychiatric Assocs., Inc. v. United States of America; Mut. of Omaha Ins. Co.,* 145 F.3d 1000 (8th Cir.1998), the court ruled that the Medicare fiscal intermediary was entitled to common-law official immunity against a provider's tortious interference with a contract claim arising out of the intermediary's denial of a provider's Medicare claims. The court determined that the intermediary acted as a government agent. Medicare claims decisions fell squarely within the scope of the intermediary's official duties. These decisions were not merely ministerial, and the contribution to effective government made by grant of immunity outweighed potential harm to individual citizens.

¶ 12 The case of *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2nd Cir. 1998), involved a neurosurgeon, acting in his individual capacity and on behalf of his medical practice, suing an insurance company in state court for negligence, breach of contract, and interference with contractual relations. He alleged that the insurance company acted improperly while serving as a fiscal intermediary in the Medicare program, with the result that the neurosurgeon was inadequately compensated for his medical services and was exposed to civil and criminal liability for fraud. The action was removed to federal court. The Court of Appeals held that a private insurance company, acting as a fiscal intermediary or carrier on behalf of the United States in administration of a Medicare program, is entitled to official immunity from suit for claims that arise out of the performance of its duty to investigate and report possible Medicare fraud.

¶ 13 *Pani, Midland,* and *Bodimetric* involved health care providers suing fiscal intermediaries for reimbursement for services provided to Medicare beneficiaries or for related claims. Collins does not draw any distinction between her case and the case of an action by a medical provider.[5] Instead, Col-

4. *West v. Wellcor America, Inc.,* Case No. CIV 99–104–R (W.D.Okla.2001); *West v. Wellcor America, Inc.,* Case No. CIV 99–104–R (W.D.Okla. 2000). The rulings in these cases did not discuss or distinguish the fact that they involved the

person receiving health care whereas the line of authority involved issues between the health care provider and the fiscal intermediary.

5. This Court finds no legal basis to distinguish the decisions on the ground that the claimant's

lins relies on the case of *Rochester Methodist Hosp. v. The Travelers Ins. Co.*, 728 F.2d 1006 (8th Cir.1984).

¶ 14 *Rochester* presented a case where a Medicare provider brought an action against a fiscal intermediary, Travelers Ins. Co., for reimbursement of costs incurred in a Medicare program. Rochester claimed that Travelers committed fraud by misrepresenting to Rochester that the costs were not reimbursable and that an appeal was futile. Rochester alleged that it relied upon the misrepresentations, which were false, to its detriment. Travelers' principal defense was sovereign immunity.

¶ 15 The Court of Appeals held that immunity did not protect Travelers from its own tort. The Court distinguished other decisions on the ground that the other decisions did not address the rule that agents are responsible for their own torts. *Rochester*, 728 F.2d at 1014. The Court also declined to find that 42 C.F.R. § 421.5(b)(2006), articulated a policy to provide sovereign immunity, stating that the regulation is not a policy statement of Congress.[6] *Id.*

¶ 16 In *Midland Psychiatric Assocs., Inc.*, the Court reviewed the latter reasoning of *Rochester* in light of 42 U.S.C.A. § 405(h) (West 2003).[7] The fiscal intermediary was Mutual of Omaha. There the district court had dismissed the action for lack of jurisdiction and the court affirmed the dismissal. The Court of Appeals observed that Section 405(h) was not considered in *Rochester* and that *Rochester* had the effect of permitting a diversity of citizenship action. However, the Court in *Midland* concluded that Section 405(h) barred diversity jurisdiction, which was the jurisdictional basis for the action. Thus, *Midland*, by this analysis, somewhat dilutes *Rochester* as a case supporting the proposition that a fiscal intermediary is responsible for its own torts.

¶ 17 Moreover, the Court continued and considered *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), decided four years after *Rochester*.[8] *Westfall* holds that federal officials are immune from tort liability for discretionary conduct within the scope of their duties. After concluding that Medicare claims decisions satisfy the discretionary conduct criterion, the *Midland* Court ruled that the fiscal intermediary was also entitled to immunity. This holding eliminates application of the lack of immunity for an agent's own torts ruling in *Rochester* whenever Medicare decisions fall within the duties of fiscal intermediary.

¶ 18 Here, the trial court treated Pacificare's motion as a motion for judgment.

---

status was as a medical provider versus a beneficiary.

6. Section 421.5(b) is a Medicare regulation that provides:

Indemnification of intermediaries and carriers. Intermediaries and carriers act on behalf of the Administrator in carrying out certain administrative responsibilities that the law imposes. Accordingly, their agreements and contracts contain certain clauses providing for indemnification with respect to actions taken on behalf of the CMS and CMS is the real party of interest in any litigation involving the administration of the program.

7. Section 405(h) was made applicable to the Medicare Act by 42 U.S.C.A. § 1395ii (West 2003). *Midland Psychiatric Assocs., Inc.*, 145 F.3d at 1002. These statutes provide:

42 U.S.C.A. § 1395ii:
The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (h), (i), (j), (k), and (l) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter, except that, in applying such provisions with respect to this subchapter, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively.

42 U.S.C.A. § 405(h):
(h) Finality of Commissioner's decision
The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.* (Emphasis added).

8. Subsequently, Congress amended 28 U.S.C.A. § 2679 (West 1994) to broaden the scope of immunity of federal employees.

Assuming for sake of argument that after *Rochester, Westfall, and Midland,* there remains some remnant of actionable conduct by a fiscal intermediary, then the pleadings and evidentiary materials will be examined to determine what facts are material and whether there is a substantial controversy as to one material fact showing the existence of such conduct. *See Sperling v. Marler,* 1998 OK 81, 963 P.2d 577; *Malson v. Palmer Broadcasting Group,* 1997 OK 42, 936 P.2d 940. All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the non-moving party. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051. When the record is viewed in the light most favorable to Collins, this Court concludes that Collins failed to show that Pacificare does not enjoy immunity or that Pacificare's actions do not fall within its duties as fiscal intermediary. Because Collins' claim is "inextricably intertwined" with a claim for benefits, it arises under the Act and 42 U.S.C.A. § 405(h) (West 2003) applies.[9] *See Heckler v. Ringer,* 466 U.S. 602, 624, 104 S.Ct. 2013, 2026, 80 L.Ed.2d 622 (1984).

¶ 19 Therefore, the judgment must be affirmed.

¶ 20 AFFIRMED.

REIF, J., concurs, and GABBARD, P.J., concurs specially.

GABBARD, P.J., specially concurring:

¶ 1 I specially concur. Although I concur in the Majority's decision, the result is unfair and I disagree with the public policy reasons for granting immunity to Medicare providers.

9. This does not, and is not intended to, dispose of claims or actions against the PCP, if any exist.