Argued and submitted March 5, ballot title certified as modified May 20, 1999

James SAGER
and John Chase,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S46117)

982 P2d 1104

Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

KULONGOSKI, J.

**KULONGOSKI, J.**

In this original proceeding, petitioners challenge the Attorney General's certified ballot title for proposed initiative 29. Petitioners are electors who timely submitted written comments regarding the draft ballot title. ORS 250.067(1). Consequently, petitioners are entitled to seek modification of the proposed ballot title in this court. ORS 250.085(2). We review for substantial compliance with the requirements of ORS 250.035. ORS 250.085(5). We modify the Attorney General's ballot title and, as modified, certify it to the Secretary of State.

The Attorney General certified the following ballot title to the Secretary of State:

"AMENDS CONSTITUTION: JOB PERFORMANCE MUST DETERMINE PUBLIC SCHOOL TEACHER PAY, JOB SECURITY

"RESULT OF 'YES' VOTE:   'Yes' vote requires that job performance, not seniority, determine public school teacher pay, job security.

"RESULT OF 'NO' VOTE:   'No' vote rejects requirement that job performance, not seniority, determine public teachers' pay, job security.

"SUMMARY: Amends Constitution. Currently, seniority and postgraduate study may determine public school teacher pay, job security. Measure requires public school teacher's pay, job security to be based on increase in students' appropriate knowledge while under teacher's instruction. Allows performance-based pay increases, certain across-the-board cost-of-living increases, retention of most qualified teacher of subject when layoffs occur. Prohibits automatic pay increases, job retention based on seniority. Applies to new or extended collective bargaining agreements signed on/after November 7, 2000."

Petitioners challenge all sections of the Attorney General's ballot title.

## CAPTION

Petitioners first object to the caption. A caption must "reasonably identif[y] the subject matter of the state measure" in not more than 10 words. ORS 250.035(2).

The subject matter of proposed initiative 29[1] is a new constitutional requirement that "job performance," defined as the "degree to which the appropriate knowledge of the teacher's students increased while under his or her instruction," would determine the pay of public school teachers. In addition, "job performance," as well as teacher qualifications, would determine public school teachers' eligibility for job retention.

Petitioners argue that the caption is misleading, because it fails to recognize that proposed initiative 29 uses the term "job performance" in a different way than that term commonly is understood. *See Witt v. Kulongoski*, 319 Or 7, 15, 872 P2d 14 (1994) (omitting the word "clearcutting" from ballot title when proposed initiative used term in "a very different and uncommon" way from that in which it ordinarily would be understood). Petitioners contend that, in ordinary usage, voters would understand a teacher's "job performance" to include multiple factors, such as the teacher's knowledge of the subject matter, ability to work in a cooperative manner with school administrators and other teachers, the number and quality of the teacher's contacts with parents, and other factors that the local school district might deem appropriate. The Attorney General responds that ordinary usage of the term "job performance" includes, along with a number of other factors, the teacher's accountability for his or her success in the classroom in imparting the subject matter to his or her students.

■ Petitioners' argument is well taken. Proposed initiative 29 defines job performance solely as "the degree to which the appropriate knowledge of the teacher's students increased while under his or her instruction." Because that

---

[1] The Secretary of State designated this as proposed initiative 29. He designated the companion proposed initiative, discussed in *Chase v. Myers*, 328 Or 518, 982 P2d 1099 (1999), as proposed initiative 30.

definition excludes all other areas of professional performance that might be considered in assessing a teacher's job performance, the Attorney General's caption is misleading. Accordingly, we modify the Attorney General's caption to reflect the unique definition of the phrase "job performance" in the proposed initiative.

■■ Petitioners next argue that the word "performance" is inaccurate as it relates to the concept of job security. The Attorney General's caption states that "Job Performance Must Determine * * * Job Security." Petitioners argue that proposed initiative 29 also permits a school district to consider the individual teaching qualifications of a teacher when making a staff reduction decision. The Attorney General argues that this court should not consider that argument because, at the comment stage, petitioners failed to suggest that the draft caption was inaccurate in that way and, therefore, failed to satisfy the requirements of ORS 250.085(6). Our review of the record made by petitioners at the comment stage satisfies us that petitioners raised a concern about the use and relationship of the terms "performance" and "job security" in their objections to the Attorney General's draft ballot title.

■ We agree with petitioners that the Attorney General's certified caption is inaccurate. Under proposed initiative 29, teaching qualifications, as well as job performance (again, defined by the measure as student learning), may determine whether a particular teacher would be retained if a staff reduction should occur. The proposed initiative forbids reliance on seniority in determining the order of staff reduction. We again conclude that some modification of the Attorney General's caption is required. We modify the Attorney General's caption as follows:

AMENDS CONSTITUTION: STUDENT LEARNING
DETERMINES TEACHER PAY; QUALIFICATIONS,
NOT SENIORITY, DETERMINE RETENTION

RESULT STATEMENTS

Result statements shall be "simple and understandable" statements of not more than 15 words that describe the

results if the proposed initiative is approved or rejected. ORS 250.035(2)(b), (c).

Petitioners argue that the Attorney General's result statements have the same shortcomings as the caption, because the result statements use the term "job performance" in an uncommon way. Petitioners challenge the use of the term "seniority" for the same reason.

Proposed initiative 29 defines the term "seniority" in two ways: (1) "retaining one teacher over another teacher based on time on the job shall be considered job security based on 'seniority'"; and (2) "increasing a teacher's pay based on the teacher having completed one or more postgraduate degrees shall be considered pay based on seniority." The first definition reflects the common use of the term "seniority."[2] The second definition reflects an uncommon, if not unique, use of that term.

■ The Attorney General concedes that the use of the term "seniority" in the result statements is inappropriate. That term, standing alone, fails to make clear that proposed initiative 29 would preclude basing teacher pay decisions on the education level of the teacher, as well as what ordinarily is considered to be "seniority." Contrary to the Attorney General's argument, the summary does not correct that error.

Accordingly, we modify the Attorney General's result statements to read:

RESULT OF "YES" VOTE: "Yes" vote requires student learning, not seniority, determines teacher pay; qualifications, student learning determine retention.

RESULT OF "NO" VOTE: "No" vote retains current laws for paying, retaining teachers by qualifications, including performance, education, seniority.

## SUMMARY

The summary is "a concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d). We have considered each of

---

[2] "Seniority" means "a status attained by length of continuous service." *Webster's Third New Int'l Dictionary*, 2066 (unabridged ed 1993).

petitioners' objections to the Attorney General's summary, and we conclude that the Attorney General's summary complies substantially with the requirements of ORS 250.035(2)(d). Therefore, we decline to modify the summary.

We certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: STUDENT LEARNING DETERMINES TEACHER PAY; QUALIFICATIONS, NOT SENIORITY, DETERMINE RETENTION

RESULT OF "YES" VOTE: "Yes" vote requires student learning, not seniority, determines teacher pay; qualifications, student learning determine retention.

RESULT OF "NO" VOTE: "No" vote retains current laws for paying, retaining teachers by qualifications, including performance, education, seniority.

SUMMARY: Amends Constitution. Currently, seniority and postgraduate study may determine public school teacher pay, job security. Measure requires public school teacher's pay, job security to be based on increase in students' appropriate knowledge while under teacher's instruction. Allows performance-based pay increases, certain across-the-board cost-of-living increases, retention of most qualified teacher of subject when layoffs occur. Prohibits automatic pay increases, job retention based on seniority. Applies to new or extended collective bargaining agreements signed on/after November 7, 2000.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).