Argued and submitted March 5, ballot title certified as modified May 20, 1999

John CHASE
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Stuart MILLER
and Becky Miller,
*Intervenors.*

(SC S46118)

982 P2d 1099

Paul B. Gamson, of Smith, ┊ amson, Diamond & Olney, Portland, argued the cause ┊ nd filed the petition for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Paul R. Rundle, of Kent & Associates, P.C., Portland, filed a response for intervenors.

KULONGOSKI, J.

## KULONGOSKI, J.

In this original proceeding, petitioners challenge the Attorney General's certified ballot title for proposed initiative 30.[1] Petitioners are electors who timely submitted written comments regarding the draft ballot title. ORS 250.067(1). Consequently, petitioners are entitled to seek modification of the Attorney General's certified ballot title in this court. ORS 250.085(2). Intervenors Stuart Miller and Becky Miller are the chief proponents of the proposed initiative and, under ORAP 11.30(8), intervened to respond to the petition. We review for substantial compliance with the requirements of ORS 250.035. ORS 250.085(5). For the reasons that follow, we modify the Attorney General's ballot title and, as modified, certify it to the Secretary of State.

The Attorney General certified the following ballot title to the Secretary of State:

"AMENDS CONSTITUTION: INCREASES TEACHERS' DISCIPLINARY AUTHORITY, PERFORMANCE DETERMINES PUBLIC SCHOOL TEACHER PAY

"RESULT OF 'YES' VOTE:   'Yes' vote increases teachers' disciplinary authority; requires performance determine public school teacher pay, job security.

"RESULT OF 'NO' VOTE:   'No' vote rejects increasing disciplinary authority; rejects requiring performance determine public teachers' pay, job security.

"SUMMARY: Amends Constitution. Authorizes teacher to permanently remove disruptive students from classroom. Currently, seniority and postgraduate study may determine public school teacher pay, job security. Measure requires teacher's pay, job security to be based on increase in students' appropriate knowledge while under teacher's instruction. Allows performance-based pay increases, certain across-the-board cost-of-living increases, retention of most qualified teachers when layoffs occur. Prohibits seniority-based automatic pay increase, job retention. Applies

---

[1] The Secretary of State designated this initiative as proposed initiative 30. He designated the companion proposed initiative, discussed in *Sager v. Myers*, 328 Or 528, 982 P2d 1104 (1999), as proposed initiative 29.

to new, extended collective bargaining agreements signed on/after November 7, 2000."

Petitioners challenge all sections of the Attorney General's ballot title.

## CAPTION

Petitioners first object to the caption. ORS 250.035(2) requires a caption "reasonably [to] identif[y] the subject matter of the state measure" in not more than 10 words. Petitioners argue that the Attorney General's caption is both misleading and inaccurate and therefore fails to meet the statutory requirement to identify reasonably the subject matter of the proposed initiative.

As noted, proposed initiative 30 is a companion measure to proposed initiative 29, which is discussed in *Sager v. Myers*, 328 Or 528, 982 P2d 1104 (1999) (also decided this date). As with proposed initiative 29, proposed initiative 30 would create a constitutional requirement that "job performance," as defined identically in each measure, would determine the pay of public school teachers. Both proposed initiatives define "job performance" as the "degree to which the appropriate knowledge of the teacher's students increased while under his or her instruction." Proposed initiative 30 adds to the definition of "job performance" additional employment-related standards for permanent teaching status, retention, and dismissal of public school teachers. Proposed initiative 30 also includes a provision, unrelated to the definition of "job performance," that would establish statewide regulations for maintaining student discipline in the classroom.

Petitioners repeat here the argument that they made in *Sager*: the Attorney General's caption is misleading, because it uses the term "performance" in referring to teacher job performance, without noting that the proposed initiative uses the term in an uncommon way. *See Witt v. Kulongoski*, 319 Or 7, 15, 872 P2d 14 (1994) (court omitted the word "clearcutting" from ballot title when proposed initiative used it in "a very different and uncommon" way from

that in which it ordinarily would be understood). For the reasons set out in our decision in *Sager*, petitioners' argument is well taken. Accordingly, we modify the Attorney General's caption to reflect the unique definition of the term "job performance" in the proposed initiative.

■ Petitioners next argue that the Attorney General's caption is insufficient, because it fails to identify that "job security based on job performance, not seniority," is one of the important subject matters found in proposed initiative 30. The Attorney General argues that this court should refuse to consider that argument, because petitioners failed to suggest in their comments to the Secretary of State that the omission of a reference to job security made the caption insufficient. The Attorney General acknowledges that petitioners suggested an alternative caption that referred to job security, but he argues that that suggestion was nothing more "than a claim that their proposal was better" and, therefore, does not satisfy the requirements of ORS 250.085(6). In reviewing petitioners' comments to the Secretary of State in response to the Attorney General's draft ballot title, we conclude that petitioners raised the issue of job security as it relates to the definition of "job performance."

■ Our review of proposed initiative 30 reveals that teacher job security is an important part of its subject matter. Proposed initiative 30 specifically provides that "public school teachers shall * * * have job security based on job performance, not seniority." The proposed initiative further provides that "a policy granting tenure to teachers shall be considered job security based on seniority." Another provision states that "a policy which does not allow school boards * * * to expeditiously dismiss a teacher which * * * it does not deem qualified * * * shall be considered job security based on seniority." Without a disclosure of the measure's impact on job security, the Attorney General's caption does not comply substantially with the requirements of ORS 235.035(2). We conclude that some modification of the Attorney General's caption is required to notify voters that job security is an important part of the subject matter of proposed initiative 30.

■ Petitioners next assert that the caption is inaccurate, because it states that proposed initiative 30 "increases teachers' disciplinary authority." Petitioners focus specifically on

the term "increases." They argue that the word "increase" is a comparative term and that, because the caption fails to identify the comparator, the caption is inaccurate. They also assert that, under current law, school districts could adopt policies giving teachers the authority to remove students from the classroom and, therefore, use of the word "increase" is inaccurate in any event. The Attorney General responds that, under the proposed initiative, the constitution would authorize a teacher to remove a disruptive student from the classroom permanently and to override a contrary decision of the school principal or the superintendent of the local school district. Therefore, according to the Attorney General, the measure would increase teachers' disciplinary authority in the classroom.

It is important to note that none of the parties dispute that student discipline is an important part of the subject matter of proposed initiative 30 or that it would establish new statewide regulations for student discipline. Rather, they disagree about whether the establishment of statewide regulations has the effect of increasing teachers' disciplinary authority. We need not resolve that question, because the Attorney General's caption fails to identify the key subject matter, i.e., that the measure would establish statewide regulations for student discipline. Therefore, the Attorney General's caption provides an insufficient description of the proposed initiative's subject matter regarding student discipline, and that flaw requires a modification of the caption.

■ We modify the Attorney General's caption as follows:

AMENDS CONSTITUTION: ESTABLISHES
STATEWIDE REGULATIONS FOR TEACHER PAY,
JOB SECURITY, STUDENT DISCIPLINE

## RESULT STATEMENTS

Result statements shall be "simple and understandable" statements of not more than 15 words that describe the results if the proposed initiative is approved or rejected. ORS 250.035(2)(b), (c).

Petitioners argue that the phrases "requires performance determine" in the "Yes" result statement and "rejects requiring performance determine" in the "No" result statement are not "understandable," as required by the statute.

■■    Petitioners' argument is well taken. The result statements do not comply substantially with the statutory requirement of a "simple and understandable statement" that describes the results if the proposed initiative is approved or rejected. Petitioners also criticize the result statements for the same reasons expressed in their arguments challenging the Attorney General's caption. We agree that, for the reasons discussed above regarding that caption, petitioners' arguments state valid criticisms of the result statements. We modify the result statements to describe accurately the results of a "yes" or "no" vote on the proposed initiative, as follows:

RESULT OF "YES" VOTE:  "Yes" vote establishes statewide regulations for public school teacher pay, job security and student discipline.

RESULT OF "NO" VOTE:   "No" vote retains school district's regulation of teacher pay, job security and student discipline standards.

## SUMMARY

■    The summary statement is "a concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d). Petitioners advance five objections to the Attorney General's summary. First, petitioners contend that a major effect of the proposed initiative is to shift power away from local school districts to the state. Because we have modified the caption to read that the proposed initiative "establishes statewide regulations," we have addressed petitioners' concern about that consequence of the proposed initiative.

■    Next, petitioners object to the nonstandard use of the word "performance" in the summary. However, the summary articulates the definition of the phrase "job performance" from the proposed initiative itself, which is an "increase in students' appropriate knowledge while under teacher's

instruction." Petitioners' criticism of that aspect of the Attorney General's summary is not well taken.

■ Petitioners next argue that the statement "[c]urrently, seniority and postgraduate study may determine public school teacher pay, job security" is misleading and underinclusive. Petitioners contend that, under current law, a local school district can establish almost any criteria for teacher pay and job security. Petitioners are correct, but that does not necessarily demonstrate that the Attorney General's summary is not sufficient. Seniority and postgraduate study are among the factors that currently *may* determine teacher pay and job security, but they are not the only ones. The proposed initiative would alter current law by prohibiting teacher pay increases based on those specific criteria. Therefore, the comparison that the Attorney General's summary makes between current law and the scheme under the proposed initiative is not misleading.

Petitioners next object to the use of the word "seniority" because, they assert, the proposed initiative distorts the common meaning of that word. The proposed initiative refers to tenure as an aspect of seniority and provides that postgraduate study shall be considered to be seniority when used as the sole basis for pay increases without reference to job performance.

■ We first address petitioners' contention that tenure is not commonly considered to be an aspect of seniority. Petitioners offer no support for their proposition that tenure currently is based on considerations other than seniority. The proposed initiative does not define the term "tenure." Tenure means

> "a status granted usu[ally] after a probationary period to one holding a position esp[ecially] as a teacher * * *." *Webster's Third New Int'l Dictionary*, 2357 (unabridged ed 1993).

Based on this commonly understood definition of the term "tenure," we conclude that the Attorney General's use of the word "seniority" to refer to tenure is not misleading or otherwise in violation of the requirements of ORS 250.035.

■ Next, we address petitioners' argument that, because the proposed initiative treats pay increases based on a teacher's postgraduate study as "pay based on seniority," the Attorney General's use of the term is misleading. The summary statement explains in the fourth and fifth sentences that teacher pay and job security would be dependent on an increase in student knowledge, in contrast to the current law, under which seniority and postgraduate study may be a factor in salary determinations. Therefore, when the Attorney General's summary states in the sixth sentence that the proposed initiative prohibits seniority-based pay increases, the voter already is aware that the proposed initiative affects salary determinations based on postgraduate study. We therefore conclude that the use of the term "seniority" is not misleading.

■ Finally, petitioners contend that the sentence "[a]uthorizes teacher to permanently remove disruptive students from classroom" is inaccurate, because the proposed initiative only permits permanent removal of students who are "repeatedly returned" to the classroom against the teacher's will. The Attorney General responds that the proposed initiative empowers teachers to prevent the repeated return of disruptive students. We agree with the Attorney General.

We conclude that the summary substantially complies with the statutory mandate that it summarize the major effects of the proposed initiative. ORS 250.035(2)(d).

Accordingly, we certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: ESTABLISHES
STATEWIDE REGULATIONS FOR TEACHER PAY,
JOB SECURITY, STUDENT DISCIPLINE

RESULT OF "YES" VOTE: "Yes" vote establishes statewide regulations for public school teacher pay, job security and student discipline.

RESULT OF "NO" VOTE: "No" vote retains school district's regulation of teacher pay, job security and student discipline standards.

SUMMARY: Amends Constitution. Authorizes teacher to permanently remove disruptive students from classroom. Currently, seniority and postgraduate study may determine public school teacher pay, job security. Measure requires teacher's pay, job security to be based on increase in students' appropriate knowledge while under teacher's instruction. Allows performance-based pay increases, certain across-the-board cost-of-living increases, retention of most qualified teachers when layoffs occur. Prohibits seniority-based automatic pay increase, job retention. Applies to new, extended collective bargaining agreements signed on/after November 7, 2000.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).